UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WEST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALL ABOARD AMERICA! HOLDINGS, INC., <br><br> Defendant. | Case No. 16-cv-04071-JSC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 24 |
| ALL ABOARD AMERICA! HOLDINGS, INC., <br><br> Cross-Complainant, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO and ROES 1 TO 5 <br><br> Cross- Defendants. | |

This action arises out of a vehicle accident between a bus and cable car. Plaintiffs, passengers of the cable car, allege physical injury as a result of the accident. Now pending before the Court is the motion of Third–Party Defendant City and County of San Francisco ("San Francisco") to dismiss the Cross-Complaint of All Aboard America! Holdings, Inc. ("All Aboard") for failure to comply with the California Tort Claims Act. (Dkt. No. 24.) The primary issue is whether All Aboard timely filed its Cross-Complaint. After carefully considering the parties' submissions, and having had the benefit of oral argument on January 26, 2017, the Court DENIES the motion to dismiss. San Francisco has not shown as a matter of law that All Aboard failed to comply with the time requirements of the Act.

**BACKGROUND**

The accident which led to this lawsuit occurred on May 19, 2015. (Dkt. No. 1 at 11.[1]) A bus, operated by All Aboard, collided with a cable car, operated by San Francisco, injuring three passengers: Michael West, Cherilyn Donato, and Elizabeth Ortiz. (*Id.*) All Aboard presented a government claim to San Francisco on July 14, 2015.[2] (Dkt. No. 26-1 at 2.) San Francisco denied the claim 13 days later, on July 27, 2015. (Dkt. No. 26-1 at 4.)

Nearly a year later, on June 6, 2016, Plaintiffs Michael West, Cherilyn Donato, and Elizabeth Ortiz filed suit against All Aboard in San Francisco County Superior Court. (Dkt. No. 1 at 7.) Plaintiffs allege All Aboard breached the duty of reasonable care in operating a motor vehicle when its employee negligently struck a cable car, injuring Plaintiffs. All Aboard was served on June 15, 2016. (Dkt. No. 30 at 4.)

One month after the lawsuit was filed All Aboard presented another government claim to San Francisco, which was denied on July 22. (Dkt. No. 26-1 at 7, 9.) Two days before San Francisco denied this second government claim, All Aboard removed the case to federal court based on diversity of citizenship pursuant to 28 U.S.C. Section 1441(b). (Dkt. No. 1 at 1-2.)

On November 11, 2016, All Aboard filed a Third-Party complaint against San Francisco, seeking equitable indemnity in the event it is found liable in the underlying action. (Dkt. No. 22 at 2.) San Francisco thereafter filed the instant motion to dismiss. (Dkt. No. 24.)

**DISCUSSION**

San Francisco moves to dismiss All Aboard's Third-Party Complaint for equitable indemnity on the grounds that it fails to state a claim upon which relief can be granted.[3]

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] San Francisco requests that the Court take judicial notice of the dates of All Aboard's two government claims. (Dkt. No. 26 at 2.) All Aboard has not objected to San Francisco's request. The Court GRANTS the Request for Judicial Notice as to Exhibits A, B, C, and D which are part of the public record and easily verifiable. *See* Fed. R. Evid. 201.

[3] The Court has diversity jurisdiction of Plaintiffs' claims against All Aboard, 28 U.S.C. § 1332(a), and supplemental jurisdiction of All Aboard's claim against San Francisco. 28 U.S.C. § 1367(a).

The California Tort Claims Act, *see* Cal. Gov't. Code §§ 810, et seq.—commonly referred to as the California Government Claims Act, *see City of Stockton v. Sup. Ct.*, 42 Cal.4th 730, 741-42 (2007)— provides an avenue for individuals to bring suits against public agencies.  Under the Act, all claims for money or damages against a local public entity must first be filed with the entity as a "condition precedent to the maintenance of the action."  Cal. Gov't Code § 945.4; *City of San Jose v. Sup. Ct.*, 12 Cal.3d 447, 454 (1974).  The purpose of Section 945.4 is to provide the public agency an opportunity to investigate the facts underlying the claim, as well as to settle the claim and avoid litigation.  *City of San Jose*, 12 Cal.3d at 447.  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  *Garedakis v. Brentwood Union School District*, 183 F.Supp.3d 1032, 1040 (N.D.Cal. 2016) (internal citations and quotation marks omitted).  "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to [dismissal] for failure to state a cause of action."  *D.V. v. City of Sunnyvale*, 65 F.Supp.3d 782, 786 (N.D.Cal. 2014) (internal citations and quotation marks omitted).

Two claim presentation requirements are relevant here.  First, All Aboard, as a party making a claim for equitable indemnity, was required to present its claim to San Francisco within six months of service on All Aboard of the complaint giving rise to All Aboard's claim against the City for equitable indemnity.  Cal. Gov't Code §§ 901, 911.2; *Centex Homes v. Superior Court*, 214 Cal.App.4th 1090, 1104 (Cal. Ct. App. 2013).  Second, All Aboard was required to file its equitable indemnity claim against San Francisco within six months of San Francisco having given notice to All Aboard of its denial of the claim.  Cal. Gov't Code §§ 913, 945.6(a)(1).

On June 15, 2016 individuals injured in the bus accident served a complaint on All Aboard, starting the six-month time limit for All Aboard to present an equitable indemnity claim to San Francisco.  Cal. Gov't Code §§ 901, 911.2 .  All Aboard presented San Francisco with an equitable indemnity claim on July 8, 2016, which San Francisco denied on July 22.  Following denial, All Aboard filed a cross-claim alleging equitable indemnity against San Francisco on November 11, 2016.  Thus, All Aboard met the six-month claim presentment requirement, as well

3

as the six month deadline to file suit against San Francisco.

San Francisco nonetheless insists that the claim is time-barred because All Aboard did not file its cross-complaint against San Francisco within six months of San Francisco's rejection of All Aboard's earlier July 2015 claim. It argues, in effect, that once All Aboard made a claim and the claim was rejected it had to file suit or lose the claim forever. In other words, even though the second claim was timely under the Act, it is of no force or effect: a claimant gets to make one claim and one claim only, even if subsequent claims are timely. The Court disagrees.

First, San Francisco cites no authority for the proposition that a claim that is timely presented and timely filed is nonetheless barred merely because the claimant presented an earlier claim. This omission is unsurprising given that there is no policy reason to so hold. Plaintiff's July 2016 claim and subsequent lawsuit complied with the Act and thus San Francisco received all the notice (indeed more notice) than the Act requires. That is the end of the Court's inquiry.

Second, San Francisco's argument is premised on the assumption that All Aboard's first and second government claims are identical, that is, both presented the same claim for equitable indemnity. However, the Court cannot accept this assumption because on a motion to dismiss the Court must draw all reasonable inferences in favor of the nonmoving party. *Manzarek v. St. Paul Fire & marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Although All Aboard's first government claim includes insurance information and identified the cable car passengers as the injured, the claim does not expressly mention equitable indemnity. Further, San Francisco indicated during oral argument that it automatically denies repeat claims, but All Aboard's second claim was not denied as a repeat. Finally, All Aboard's equitable indemnity claim had not accrued for purposes of presenting a claim. *See* Cal. Gov't Code §§ 901, 911.2. While one could infer that the first claim was for equitable indemnity, drawing all inferences on the current record in All Aboard's favor does not require the inference.

Thus, San Francisco has failed to prove as a matter of law that All Aboard failed to comply with presentment requirements of the California Tort Claims Act.

## CONCLUSION

For the reasons stated above, the Court DENIES the motion to dismiss. (Dkt. No. 24.)

**IT IS SO ORDERED.**

Dated: February 1, 2017

                                                                                         _____
                                                                                         JACQUELINE SCOTT CORLEY
                                                                                         United States Magistrate Judge